IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SHIVAM PATEL,** | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-00989 |
| **UNITED AIRLINES, INC.,** | § § § | |
| *Defendant.* | § | |

### DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Per Federal Rule of Civil Procedure 12(b)(5), Defendant United Airlines, Inc. ("UA") files this motion to dismiss claims by Plaintiff Shivam Patel ("Patel") for insufficient service of process.

## I.
## INTRODUCTION

1. Patel attempted to serve UA with process by a FedEx delivery to an individual not authorized to receive service. Even a *pro se* plaintiff such as Patel must comply with the required steps for service of process. Because UA has not otherwise made an appearance or consented to service, the Court should dismiss the claims against it under Rule 12(b)(5).

## II.
## STANDARD OF REVIEW

2. Due process under the U.S. Constitution requires that —

> [B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means ***there must be authorization for service of summons on the defendant.***

1

Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S.Ct. 404, 409 (1987) (emphasis added).

3. "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." Henderson v. Republic of Texas Biker Rally, Inc., 672 F.App'x 383, 384 (5th Cir. 2016) (unpublished opinion) (quoting Carimi v. Royal Caribbean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992)). In this matter, Patel cannot meet his burden because UA has not been served with process.

### III.
### BACKGROUND FACTS

4. The Court may take judicial notice of the following facts—

1) The public record of the Texas Comptroller of Public Accounts shows that UA (1) lists its mailing address as "233 S Wacker Dr, Ste 710, Chicago, IL 60606-6462" and (2) designates C T Corporation System to be its registered agent in the State of Texas, with address "1999 Bryan St., Ste.900 Dallas, TX 75201." See Ex.1.

2) The summons in Patel's own handwriting is issued to "United Airlines, 4849 Wright Road Bldg. B, Houston, TX 77032." See Ex.2.

3) The FedEx proof-of-delivery shows that "A. Pete" signed for the delivery on March 29, 2021. See Ex.3. According to the proof of service filed with the Court, Patel states, "I fedexed the envelope to the defendant on date of March 26th 2021." See Dkt.3. He provides the tracking number as 785263382198. Id.

5. Connecting together the complaint, the summons, and the proof of service, the Court may only conclude that Patel delivered summons via FedEx to a UA facility at 4849 Wright Road, received by an employee named A. Pete.

## IV.
## ARGUMENT AND AUTHORITIES

6. The Federal Rules of Civil Procedure authorize service on a corporation or other entity by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process …." FED. R. CIV. P. 4(h)(1); *see also* Henderson, 672 F.App'x at 385. Federal law requires that service be completed by personal service by an authorized process server. FED.R.CIV.P. 4(c). Mere delivery to a receptionist not otherwise authorized to receive service will not meet the requirements of federal law. *See*, *e.g.*, Smith v. Woman's Hosp., 671 F.App'x 884, 887 (5th Cir. 2016) (holding that district court properly set aside default judgment where plaintiff failed to comply with service requirements of FED.R.CIV.P. 4 "by sending a FedEx envelope … left with an unnamed receptionist").

7. The Federal Rules of Civil Procedure also permit service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1); *see also* Henderson, *supra*. Texas law allows service on a corporation through the corporation's registered agent, president, or vice president. TEX. BUS. ORGS. CODE §§5.201, 5.255(1); *see also* Henderson, *supra*. Texas law also requires delivery by personal service by an authorized process server, TEX.R.CIV.P. 103, but also permits service by registered or certified mail, return receipt requested. TEX.R.CIV.P. 106(a).

8. Accordingly, Patel must serve UA's registered agent at its registered office; UA's president, UA's vice president, or another UA officer at its address in Chicago; or another UA managing or general agent, either by a process server or by registered or certified mail, return receipt requested, in order to comply with the rules. He has failed to do so.

3

9. Without dispute, Patel did not serve UA's registered agent, C T Corporation System, at its registered office in Dallas, or UA's president, vice president, or other officer at its address in Chicago. In order to bear his burden of establishing that he served UA properly, Patel must establish that A. Pete qualifies as a UA managing or general agent authorized to receive service of process and that delivery of summons to A. Pete by FedEx qualifies as valid service under either federal or state law. He cannot do so.

## V.
## CONCLUSION

10. Patel failed to complete service of process on UA in compliance with the Federal Rules of Civil Procedure. For this reason, UA requests that the Court enter judgment that Patel take nothing against UA, dismiss Patel's claims against UA with prejudice, assess costs and attorney fees against Patel, and award UA such other and further relief, general or special, legal or equitable, to which he may show himself justly entitled.

Respectfully submitted,

THE MISRA LEGAL GROUP

By: **/s/ Amit K. Misra**
Amit K. Misra, Esq., P.C.
State Bar of Tex. No. 00795534
639 Heights Boulevard
Houston, Texas 77007
832-723-4776 Telephone
832-476-9656 Telecopier
amit@misralegal.com

ATTORNEY FOR DEFENDANT
UNITED AIRLINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2021, a copy of the foregoing was filed electronically with the Clerk of Court and served by first-class mail, return receipt requested, to the following pro se party:

Shivam Patel
1402 Brighton Fort Drive
Houston, Texas 77073

**/s/ Amit K. Misra**
Amit K. Misra
