IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHIVAM PATEL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-00989 |
| | § | |
| UNITED AIRLINES, INC., | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT UNITED AIRLINES, INC.'S
## MOTION TO DISMISS FOR FAILURE TO STATE CLAIMS

Per Federal Rule of Civil Procedure 12(b)(6), Defendant United Airlines, Inc. ("UA") files this motion to dismiss claims by Plaintiff Shivam Patel ("Patel") for failure to state claims.

## I.
## INTRODUCTION

1. Serial plaintiff and complainant Shivam Patel is back at it. After his first employment-related lawsuit against UA in this Court[1] failed, he unsuccessfully appealed to the Fifth Circuit.[2] After his first seven EEOC charges against UA resulted in no findings, he filed his eighth charge, which the EEOC dismissed just one week after filing. Now, ***despite still being employed by UA, without any demotion or loss of income,*** Patel brings claims for discrimination, hostile work environment, and retaliation. His claims being woefully inadequate, Patel should not be allowed to proceed with them. The Court should dismiss these claims under Rule 12(b)(6).

---

[1] *See* Case No.4:15-cv-00028.

[2] *See* Case No.15-20178.

## II.
## NATURE AND STAGE OF PROCEEDING

2. On January 8, 2021, Patel filed his eighth EEOC charge. Dkt.1 at 7-8. On January 15, 2021, the EEOC issued its dismissal. Dkt.1 at 9. On March 26, 2021, Patel filed this lawsuit and attempted[3] service on UA via FedEx. On April 2, 2021, Patel filed a first amended complaint. Dkt.7.[4] UA timely files this motion to dismiss under Rule 12(b)(6) within twenty-one days of Patel's attempted service.

## III.
## STANDARD OF REVIEW

3. A defendant may file a motion to dismiss under Rule 12(b)(6) for a "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Patel bears the burden, even at this stage of the proceeding, to allege sufficient facts which, when the Court presumes them to be true, "raise a right to relief above the speculative level." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To meet this standard, Patel's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009) (citing Twombly, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing Twombly, 550 U.S. at 556). The plausibility standard requires more than a "sheer possibility" that a defendant has acted unlawfully. *Id*. A complaint must set forth more than labels, conclusions, and a formulaic

---

[3] UA has separately argued in its motion to dismiss for insufficient service of process under Rule 12(b)(5) that Patel failed to serve it properly. UA does not waive, or otherwise consent to, service of process by filing the instant motion.

[4] At the time of filing this motion, UA has not yet received the copy of the first amended complaint "served" by Patel.

recitation of the elements of a cause of action. Twombly, 550 U.S. at 555. In drawing inferences, the Court should not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." R2 Invs. LDC v. Phillips, 401 F.3d 638, 642 (5th Cir. 2005) (quoting Southland Sec. Corp. v. Inspire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004)). The Court may not assume that a plaintiff can prove unalleged facts. Campbell v. Wells Fargo Bank, N.A., 781 F.2d 440, 443 (5th Cir. 1986). If the complaint lacks an allegation regarding a necessary element, the Court may dismiss the complaint. Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

## IV.
## SUMMARY OF THE ARGUMENT

4. Patel has failed to allege sufficient facts to support his claims for discrimination, hostile work environment, and retaliation. Discrimination requires an ultimate employment action. Patel continues to be employed by UA, without any demotion or loss of income, and has not alleged any ultimate employment action. Hostile work environment requires harassment affecting a term, condition, or privilege of employment. Patel alleges a single incident which fails to meet the standard of being severe or pervasive. Retaliation requires an adverse employment action and causation. Patel cannot point to any adverse action, much less any causal link to any purported protected activity. Because Patel's allegations do not support his claims, the Court should grant this motion to dismiss.

## V.
## BACKGROUND FACTS

5. As best as UA can tell, Patel has alleged the following facts in his original complaint, which incorporated his EEOC charge by reference, and his first amended complaint, which the Court must presume to be true—

    1) Patel is still employed by UA. Dkt.7 at 3.

2) "The discriminatory conduct of which I complain in this action includes retaliation." *Id*. at 4.

3) "It is my best recollection that the alleged discriminatory acts occurred on date(s) April 27th 2020 to September 2020." *Id*.

4) "Defendant(s) discriminated against me based on my color Brown and gender/sex Male." *Id*. at 4. "Defendant(s) discrimination against me based on my gender/sex Sexual Harassment in the restroom someone watching my genitals." Dkt. 1 at 4.

5) "On around January 30th 2020, I was pulled into office by then supervisor Jesus Silva for allegedly urinating too far from the urinal. I immediately filed an internal complaint of discrimination based on race, color and alleged disability." Dkt. 7 at 5.

6) "Also, I filed an EEOC charge 460-2020-002217 on April 15th 2020 based on race, color, and alleged disability." *Id*.

7) "On April 15, 2020, I filed EEOC charge number 460-2020-02217, alleging discrimination based on my race, color and disability; in that; on January 30, 2020, I used the bathroom in Hangar A. Someone reported to Jesus Silva (Store Supervisor) that I urinated three feet away from the urinal." Dkt.1 at 7.

8) "About 12 days after closure of internal discrimination complaint and filing of EEOC charge 460-2020-002217, I was suddenly pulled into the office by managers Ben Brea and Emad Syed being accused of urinating too far. In my defense, I told the managers that I am being retaliated against. The manager named Emad Syed said that it was different person accusing refusing to investigate or referring to investigation by appropriate defendant's officials in violation of Title VII Civil Rights Act of 1964 as amended. For further details related to this complaint see EEOC charge 460-2021-00308 included in the docket." Dkt. 7 at 5.

9) " On April 27th 2020, I was issued written warning for allegedly urinating too far from the restroom by Stores Managers Ben Brea and Emad Syed. This incident occurred 12 days after filing EEOC charge 460-2020-02217 and closure of internal complaint of discrimination which was filed on around January 30th 2020. I told the managers in the meeting that I was retaliated against but Stores Manager Emad Syed said it was a different person and refused to investigate the allegation as required by the law." Dkt.1 at 5.

10) "Stores Managers Ben Brea and Emad Syed falsified the write-up on April 27, 2020 stating multiple people saw me urinate too far from the urinal. Mr. Syed suggested to me that if I don't like my genitals being watched then I should use the ladies restroom. Mr. Syed mentioned in the letter that 'I admitted to past occurrences of urinal incident during January 2020 meeting'. In April 27, 2020 meeting, Mr. Syed and Mr. Brea verbally mentioned that there was incident in August 2019 to which I was not notified. After United's internal investigation, Jason Fleming (Corporate Security) said there was one person that wrote a statement contradicting the write-up." *Id*. at 7-8.

11) "I don't know who the complainant is, but I informed the individual is a white male and had to leave the company after I filed the complaint and charge. My charge was dismissed August 5, 2020 but the retaliation began.  After filing my complaints of discrimination within the company and with the EEOC, Mr. Brea Ben and Mr. Syed have threatened me. In May 2020, Mr. Brea threatened me and told me that he was going to do physical harm (hand gestures) to me because of my complaints. In September 2020, Mr. Syed told me that he would find a way to discipline me and then terminate my employment. Mr. Syed also told me that my genitals were being watched and that I was sexually harassed." *Id*. at 8.

12) "It is my best recollection that I filed a charge with the Equal Employment

Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on (date) January 8th 2021." Dkt.7 at 5.

13) "The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, which I received on (date) 1/15/2021." *Id*.

6. These facts fail to state *prima facie* claims for discrimination, hostile work environment, and retaliation.

## VI.
## PATEL FAILS TO STATE A CLAIM FOR DISCRIMINATION ON WHICH RELIEF MAY BE GRANTED

7. To establish a *prima facie* case of discrimination, Patel must show that he (1) is a member of a protected class; (2) was qualified for the position; (3) was subjected to an adverse employment action; and (4) was replaced by or treated less favorably than someone outside her protected class. Melvin v. Barr Roofing Co., 806 F.App'x 301, 305 (5th Cir. 2020) (quoting Haire v. Bd. of Sup'rs. of La. State Univ. Agric. & Mech. Coll., 719 F.3d 356, 363 (5th Cir. 2013)). Patel has failed to plead sufficient facts to support the third element.

8. As to the third element, the Fifth Circuit has consistently held that an adverse employment decision must involve an "ultimate employment decision, such as hiring, granting leave, discharging, promoting, or compensating." Price v. Wheeler, No.20-10380 (5th Cir. Oct. 30, 2020) (citing McCoy v. City of Shreveport, 492 F.3d 551, 559 (5th Cir. 2007)). To the extent that Patel attempts to plead a discrimination claim separately from his hostile work environment and retaliation claims, he fails to allege sufficient facts to support this element. Most significantly, nowhere in his original or first amended complaint does Patel allege any act by UA which meets the "ultimate employment decision" standard. Indeed, as Patel himself acknowledges, he remains employed by UA despite his status as a serial complainant.

9. Without an ultimate employment decision, Patel cannot support a discrimination claim. The Court should dismiss this claim.

## VII.
## PATEL FAILS TO STATE A CLAIM FOR HOSTILE WORK ENVIRONMENT ON WHICH RELIEF MAY BE GRANTED

10. To state a *prima facie* claim for hostile work environment under Title VII, Patel must establish facts supporting each of the following elements: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on sex; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. Brew v. Weyerhaeuser NR Co., 537 F.App'x 309, 313 (5th Cir. 2013) (citing Celestine v. Petroleos de Venezuela SA, 266 F.3d 343, 353 (5th Cir. 2001)). Patel has failed to plead sufficient facts to support the fourth element.

11. As to the fourth element, "Sexual harassment affects a term, condition, or privilege of employment when it is 'severe or pervasive.'" Russell v. Univ. of Tex. of Permian Basin, 234 F.App'x 195, 205 (5th Cir. 2007) (quoting La Day v. Catalyst Tech., Inc., 302 F.3d 474, 482 (5th Cir. 2002)). Patel must show that the environment was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." La Day, 302 F.3d at 482 (internal quotation marks omitted) (quoting Butler v. Ysleta Indep. Sch. Dist., 161 F.3d 263, 269 (5th Cir. 1998)). To determine whether an environment is sufficiently hostile or abusive, courts must look at "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1998). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not

amount to discriminatory changes in the terms and conditions of employment." *Id*. at 788 (internal quotation marks omitted).

12. Reviewing his original and first amended complaints, Patel has alleged that (1) in August 2019, "there was [a urinal] incident … to which I was not notified;" (2) during a January 2020 meeting, Patel "admitted to past occurrences of urinal incident;" (3) on April 27, 2020, Brea and Syed falsely "stat[ed] multiple people saw me urinate too far from the urinal;" (4) on April 27, 2020, Syed "suggested to me that if I don't like my genitals being watched then I should use the ladies restroom;" and (5) in September 2020, Syed "told me that my genitals were being watched and that I was sexually harassed." Presuming these allegations to be true, the Court can conclude that Patel has been urinating too far from the urinal since at least August 2019, that he admitted to this in January 2020, and that he was disciplined for this in April 2020. The Court can also conclude that Patel is attempting to reinterpret his conduct of urinating too far from the urinal into the purported harassment of his "genitals … being watched." But it is Patel who is exposing his genitals to his co-workers by urinating too far from the urinal to make use of the privacy afforded by urinal dividers. Patel has failed to allege sufficient facts to establish a work environment that a reasonable person would find hostile or abusive.

13. Without harassment affecting a term, condition, or privilege of employment, Patel cannot support a hostile work environment claim. The Court should dismiss this claim.

### VIII.
### PATEL FAILS TO STATE A CLAIM FOR RETALIATION
### ON WHICH RELIEF MAY BE GRANTED

14. To state a *prima facie* claim for retaliation under Title VII, Patel must establish facts supporting each of the following elements: (1) he engaged in protected activity; (2) he was subject to an adverse employment action; and (3) there is a causal connection between his participation in the protected activity and the adverse employment decision. Davis v. Texas Health

and Human Services Commission, 761 F.App'x 451, 454-55 (5th Cir. 2019) (citing Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 406 (5th Cir. 1999)). Patel has failed to plead sufficient facts to support the second element.

15. As to the second element, the standard for adverse employment action in a retaliation claim differs from that in a disparate treatment claim. An adverse employment action that a "reasonable employee would have found … materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination," would sufficiently support a retaliation claim. Perez v. Brennan, 766 F.App'x 61, 64 (5th Cir. 2019) (citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)). But even under this less stringent standard, Patel cannot produce any evidence of an adverse employment action that rises to the level required to support a retaliation claim.

16. Without dispute, Patel has remained employed with UA through his serial complaints. He has not been fired; has not sought a promotion; has not been reassigned; and has not had any significant change in benefits. Even under the standard of a "materially adverse [action that] might have dissuaded a reasonable worker" from protected activity, Patel has only alleged (1) that in May 2020, "Brea threatened me and told me that he was going to do physical harm (hand gestures) to me because of my complaints" and (2) that in September 2020, "Syed told me that he would find a way to discipline me and then terminate my employment." However, neither Brea's threat nor Syed's has dissuaded Patel at all since he filed his underlying EEOC charge months later in January 2021 and this lawsuit in March 2021. This fact proves fatal to this element of his retaliation claim. *See*, *e.g.*, DeHart v. Baker Hughes Oilfield Operations, Inc., 214 F.App'x 437, 442 (5th Cir. 2007) (holding that a written warning was not materially adverse employment action where warning "did not in fact dissuade a charge of discrimination"); Callies v. Donahoe,

9

No.4:12-cv-03710 (S.D.Tex. Aug. 25, 2014) (Werlein, J.) ("To be sure, the suspension was of no deterrence to Plaintiff, who subsequently made multiple charges of discrimination. … Plaintiff has failed to present evidence that his 2009 suspension was a materially adverse employment action.").

17. Without this element, the Court should enter summary judgment against Shelton as to retaliation.

## IX.
## CONCLUSION

18. Patel has failed to allege sufficient facts to support each element of his three claims. For these reasons, UA requests that the Court enter judgment that Patel take nothing against UA, dismiss Patel's claims against UA with prejudice, assess costs and attorney fees against Patel, and award UA such other and further relief, general or special, legal or equitable, to which it may show itself justly entitled.

Respectfully submitted,

THE MISRA LEGAL GROUP


By: **/s/ Amit K. Misra**
Amit K. Misra, Esq., P.C.
State Bar of Tex. No. 00795534
639 Heights Boulevard
Houston, Texas 77007
832-723-4776 Telephone
832-476-9656 Telecopier
amit@misralegal.com

ATTORNEY FOR DEFENDANT
UNITED AIRLINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2021, a copy of the foregoing was filed electronically with the Clerk of Court and served by first-class mail, return receipt requested, to the following pro se party:

Shivam Patel
1402 Brighton Fort Drive
Houston, Texas 77073

                                                **/s/ Amit K. Misra**
                                                Amit K. Misra